# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>  vs.<br>JOSHUA VENTURA (3),<br><br>                     Defendant. | CASE NO. 12CR2416 WQH<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are Motion for Bill of Particulars (ECF No. 82) and the Motion for Discovery (ECF No. 85) filed by the Defendant Joshua Ventura.

      On June 15, 2012, the grand jury returned an indictment charging the Defendant Joshua Ventura and two other co-defendants with Conspiracy to Distribute Cocaine and Methamphetamine in violation of 21 U.S.C. § 841(a) and 846. The indictment states:

> Beginning at a date unknown to the grand jury and continuing up to and including November 14, 2011, within the Southern District of California, and elsewhere RAY JUNIOR DEL VILLAR, HECTOR MANUEL AVILEZ, and JOSHUA VENTURA knowingly and intentionally conspired together and with each other and with other persons known and unknown to the grand jury to distribute 50 grams and more of methamphetamine (actual), and 5 kilograms and more of cocaine, both Schedule II Controlled Substances; in violation of Title 21 United States Code, Sections 841(a)(1) and 846.

(ECF No. 1).

      On June 29, 2012, Defendant Ventura entered a plea of not guilty at his arraignment.

**Motion for Bill of Particulars (ECF No. 82)**

      Defendant moves the court for an order requiring a bill of particulars on the grounds

that the indictment does not sufficiently inform Defendant of the charges. Defendant asserts the indictment fails to specify any overt acts which constitute the conspiracy among the defendants. Defendant asserts that a bill of particulars is required in order to specify where the conspiracy took place, the quantity of the drugs involved, and the dates the acts occurred. Defendant asserts that he is unable to adequately prepare for trial because the indictment provides no information as to when the conspiracy began or when he allegedly joined the conspiracy. The Government contends that specific and extensive discovery provided to the Defendant eliminates any doubt about the nature of the charges.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may "direct the filing of a bill of particulars." Fed. R. Crim. P. 7(f). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is [] unnecessary." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal citation omitted). Full discovery obviates the need for a bill of particulars. *Id.*

An indictment is a "plain, concise, and definite written statement of the essential facts constituting the offense charged...." Fed. R. Crim. P. 7(c)(1). "A legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend, and to enable him to plead double jeopardy." *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). "The test of sufficiency for the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quotation and citation omitted).

The indictment in this case adequately alleges the participation of the Defendant in the alleged conspiracy, including alleged co-conspirators and the time period involved. Subsequent discovery, including Defendant's statements, and law enforcement reports related to the Defendant's alleged activities on November 14, 2011 and the events preceding this date inform the Defendant of the basis for the alleged conspiracy. The Court concludes that the charge in the indictment and subsequent discovery sufficiently apprise the Defendant of the charge against which he must defend and to enable him to plead double jeopardy. The Court

1  concludes that there are no facts or circumstances which would require a bill of particulars.

2  Defendant's motion for bill of particulars (ECF No. 82) is denied.

**Motion for Discovery (ECF No. 85)**

Defendant moves the court under Fed. R. Crim. P. 16(a)(1)(E) for an order requiring the Government to produce "sections of the United States Attorney's Homeland Security Investigations (HSI) Department, and Los Angeles County Sheriff's Department (LACSD) and Cal-MMET, policy and procedure manuals relating to government treatment of confidential informants, undercover surveillance, logging, and storing evidence." (ECF No. 85-2 at 5). Defendant contends that the policy and procedures manuals are essential to his defense in that they cast shadows on any government informant's credibility and the methods used by law enforcement to gather evidence. Defendant asserts that these manuals are obtainable by any citizen under the Freedom of Information Act and do not fall with in any work product protection.

The Government contends that Defendant has not demonstrated any relevance to support the requested materials. The Government asserts that the federal officers did not handle the source, participate in the surveillance, or log the evidence. The Government asserts that any manuals for the Los Angeles County Sheriff's Department (LACSD) and Cal-MMET are not in the custody or control of the federal government.

Federal Rule of Criminal Procedure 16(a) states in relevant part:

(1) **Information Subject to Disclosure** ...

(E) **Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(I) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The Court concludes that Defendant has not shown that the manuals for the Los Angeles County Sheriff's Department (LACSD) and Cal-MMET are

material to preparing the defense and that the Government has shown that the manuals are not in the custody or control of the federal government.

Defendant's request for an order requiring the Government to produce "sections of the United States Attorney's Homeland Security Investigations (HSI) Department, and Los Angeles County Sheriff's Department (LACSD) and Cal-MMET, policy and procedure manuals relating to government treatment of confidential informants, undercover surveillance, logging, and storing evidence" is denied based upon the record before the Court.

Defendant moves the Court to order that the identity of the confidential informant, reveal the whereabouts of the confidential informant, and make the confidential informant available to the defense. Government counsel reported to the Court that the Government attempted to facilitate a defense interview with the confidential informant and the confidential informant declined to be interviewed. The Government stated that the identity of the confidential informant will be disclosed three weeks in advance of trial. The Government contends that Defendant has failed to make a legally sufficient showing to support the request for an order requiring further disclosure of the identity of confidential informant at this time.

Based upon the record, the Court finds that an order to disclose further information regarding the confidential informant is not required at this stage in the proceedings. Defendant has not met the burden to demonstrate the need for further disclosure. *See United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

The Court has reviewed Defendant's request for additional items of discovery. (ECF No. 85-1 at 16-18) and the Government's response to this additional discovery (ECF No. 98 at 7-11). The Court finds that an order to require any additional discovery at this stage in the proceedings is not supported by the record.

IT IS HEREBY ORDERED that the Motion for Bill of Particulars (ECF No. 82) is denied and the Motion for Discovery (ECF No. 85) is denied.

DATED: February 6, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge